Sneed, J.,
delivered the opinion of the Court.
In the case of Watkins et al. v. Crutcher, pending in the Chancery Court at Charlotte, an execution had *631 been issued, whereupon, the petition of plaintiff in error had been presented to Chancellor East, of the Chancery Court at Nashville, asking that said execution be suspended by injunction until the merits of the petition could be heard and determined. The petition was returnable to the Chancery Court at Charlotte and was presented to Chancellor East at Chambers, as one of the Chancellors of Tennessee. He granted the fiat of injunction in obedience to the prayer, and the papers were returned to the Chancery Court at Charlotte. At the term of said Court ensuing, Chancellor Nixon, the regular Chancellor of the Charlotte district, dissolved the injunction, dismissed the petition, and awarded execution, upon the ground that the Chancellor of one district had no authority to enjoin the judgments and decrees of another.
The authorities do not sustain this action of the Chancellor. A Chancery Court of one district, as a court, has no authority to usurp the jurisdiction of a Chancery Court of another district by any interference with its decrees and judgments, for this would bring about the most embarrassing conflicts and confusion, and defeat the cardinal and salutary principle, that every court must possess and exercise the inherent power of enforcing its own .judgments and decrees. And to this extent have the authorities gone in this State and elsewhere. Deaderick v. Smith, 6 Hum., 138.
Thus it was held in that case that suits upon notes given for the purchase money of estates sold at chancery sale, instituted in courts of law, are improper and may be enjoined, but not in any other court *632 than that in which the original chancery suit is pending.
Our statutes provide that the Judges and Chancellors shall have interchangeable and concurrent jurisdiction to grant injunctions, attachments, and all other extraordinary process issuable out of and returnable to any of the Circuit or Chancery Courts of this State. Code, s. 3946. And that Judges and Chancellors are Judges and Chancellors for the State at large, and as such may upon interchange, and upon other lawful ground, exercise the duties of office in any other judicial circuit or division of the State. Code, s. 3915. Thus, under the first section cited, ■ Chancellor East, or any other Chancellor of this State, may grant a preliminary injunction to suspend the decree or judgment of another court, provided the matter be returnable for action to the court where the cause is pending; and this is no interference with the jurisdiction of the other court, but the exercise of a judicial function common to all the Chancellors of the State. A contrary rule would result, in many cases, in great inconvenience and embarrassment, if not in a denial of justice.
Let the decree of the Chancellor be reversed and the cause remanded.